# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DOUGLAS MILLER,**

        **Petitioner,**

  v.

**WARDEN, NORTH CENTRAL CORRECTIONAL INSTITUTION,**

        **Respondent**.

**CASE NO. 2:09-CV-969**
**JUDGE FROST**
**MAGISTRATE JUDGE KING**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition. *See* Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner's request for a stay pending exhaustion of his recently filed petition for post conviction relief, Doc. No. 4, is **DENIED.**

## PROCEDURAL HISTORY

According to the petition, this action involves petitioner's convictions, on his pleas of guilty in the Delaware County Court of Common Pleas, for pandering obscenity involving a minor. On July 25, 2001, the trial court apparently sentenced petitioner to community control. *See Petition; Motion for Stay*. However, on May 24, 2002, petitioner was

sentenced to nine years eight months incarceration for violating the terms of his community control. *See Motion for Stay*. It does not appear that petitioner ever filed an appeal from his conviction or from the trial court's revocation of his community control. He did pursue a state habeas corpus petition in the Ohio Supreme Court, which action was denied on April 9, 2008.[1]

On October 28, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> Petitioner is being denied his rights to appeal the errors of his conviction/sentence due to a void judgment entry that erroneously fails to state that he is guilty of any crime to substantiate a sentence.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Petitioner does not indicate the date on which he filed his state habeas corpus petition.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Here, petitioner's judgment of conviction became final on August 24, 2001, *i.e.,* thirty days after his July 25, 2001 sentence, when the time to file a timely appeal to the state appellate court expired. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcus v. Lazar off,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App. R. 4(A). The statute of limitations expired one year later, on August 24, 2002. Petitioner did not execute the instant habeas corpus petition until October 26, 2009, more than seven years later. His state habeas corpus petition, apparently filed long after the statute of limitations had already expired, did not toll or otherwise affect the running of the statute of limitations in this case. "The tolling provision does not ... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Roman v. Brigano,* 346 F.3d 598, 601

3

(6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See King v. Bell,* 378 F.3d 550, 553 (6 Cir. 2004) (citations omitted).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

December 10, 2009                                              *s/Norah McCann King*
                                                                                  Norah McCann King
                                                                                  United States Magistrate Judge